United States District Court
Southern District of Texas
**ENTERED**
October 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA NARCEDALIA DE LA ROSA, | § | |
| *individually and as next friend of G.I.,* | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil No. 5:23-CV-00016 |
| | § | |
| MR. FLATBEDS TRANSPORT INC., | § | |
| *and* | § | |
| INDERBIR SINGH, | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION

The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(3).  The Court held a "prove up" hearing on October 18, 2023, on the Joint Motion for Approval of Minor Settlement, Dkt. No. 16, and the Guardian Ad Litem Report, Dkt. No. 15, by Court-appointed Guardian ad Litem ("GAL") Claudia Balli, who recommended approval of the settlement.  For the below reasons, the undersigned **RECOMMENDS** that the Joint Motion for Approval of Minor Settlement, Dkt. No. 16, be **GRANTED**.

### I.      Background

Plaintiff Maria Narcedalia De La Rosa, individually and on behalf of minor Plaintiff G.I., sued Defendants Mr. Flatbed Transport Inc., and Inderbir Singh following an alleged motor vehicle collision on January 24, 2022, between a tractor trailer, driven by Inderbir Singh in the scope of his employment by Mr. Flatbeds Transport, Inc., and a Ford Expedition, driven by Plaintiff, that allegedly resulted in injuries to Plaintiff and her minor daughter G.I.  Dkt. No. 1-1.  The case was

originally filed in the 111th Judicial District Court of Webb County, Texas, under Cause Number 2023-CVA-000135-D2, and later removed to federal court based on the diversity of citizenship between the parties.  Dkt. No. 1.  In Plaintiffs' Amended Petition, Plaintiffs allege that Defendants negligently caused injuries and damages to Ms. De La Rosa and her minor child, G.I.  Dkt. No. 1-2.  Further, the petition alleges that the minor child suffered physical pain and mental anguish. *Id.*

On August 15, 2023, the Parties moved the Court to appoint a Guardian ad Litem and to set a Minor Settlement Hearing after they reached a confidential settlement with respect to Plaintiffs' claims, subject to the Court's approval of the proposed settlement for Plaintiff's minor daughter G.I.  Dkt. No. 12.  The Court appointed Claudia Balli, State Bar No. 24073773, an attorney of this Court, as the GAL to the minor Plaintiff, G.I.  Dkt. No. 13.  After Ms. Balli filed her GAL Report under seal, Dkt. No. 15, the Court held a "prove up" hearing, Minute Entry (October 18, 2023), on the pending Motion for Approval, Dkt. No. 16.

A. Guardian Ad Litem Report

The GAL Report, Dkt. No. 15, discussed the GAL's interviews of the minor Child G.I., and her mother, Plaintiff Ms. De La Rosa, and discussion with counsel for Plaintiffs and Defendants.  The GAL also "reviewed the pleadings filed, including the pleadings filed in the Webb County District Court and the Laredo Police Department crash report." *Id.* at 1–2.  Minor Plaintiff G.I., who was twenty months old at the time of the accident, did not suffer any physical injuries from the vehicle collision.  *Id.* at 2.  But she "suffered emotional trauma due to the accident." *Id.* at 3.  This included apprehension and nervousness when she saw a tractor trailer

and difficulty sleeping at night.  *Id*.  These symptoms lasted for seven to eight months following the accident.  *Id*.  G.I. is "now recovered." *Id*.

B.  "Prove Up" Hearing

At the "prove up" hearing, the GAL summarized her report.  The GAL stated, as discussed in her report, that she spoke to Plaintiff and Defense counsel and interviewed the minor child and her mother.  The GAL discussed the minor child's condition with her mother and was able to successfully talk with G.I., who is now three years old.  The GAL explained that the minor child did not suffer any physical injuries from the incident at issue in the case.  At the hearing, the GAL stated that she reviewed the settlement breakdown for Plaintiff De La Rosa and for the minor child and that the attorney for Plaintiff had agreed to waive his contingent fee on the minor child's recovery monies.  Therefore, if the Court approves the proposed settlement, G.I. will receive 100% of the settlement amount, net amount of $5,000.  The GAL also opined that while the amount of recovery of the minor child seems disproportionate to the more substantial recovery of Plaintiff De La Rosa, after careful review of the documents and the interviews, the proposed settlement is reasonable due to the more significant physical injuries suffered by the mother, who underwent treatment, compared with G.I.'s lack of physical injuries, no medical bills, and temporal mental conditions.

On the record during the hearing, the GAL recommended settlement approval in the minor's best interest, as the proposed settlement is adequate and protects the child's interests.  She recommended approval to the Court. She expressed that she had a reasonable time to acquaint herself with the facts and the law; that she is fully informed of the circumstances of this litigation, the needs and expectations of the minor child, the facts of liability, the disputed nature of the causes

of action, and the nature and extent of the damages claimed; and that the agreed settlement and allocation was reasonable, fair, and just in support of the minor.

The parties agree that this agreed settlement amount is reasonable and fair in support of the minor. The GAL requested a fee of $2,835.00. The parties thanked the GAL for her services and indicated that Defendants will pay the fee.

## II.     Applicable Law

Federal Rule of Civil Procedure 17(c)(2) states that when a minor lacks a duly appointed representative and is suing by a next friend, the Court must appoint a GAL or issue another appropriate order to protect the unrepresented minor. Fed. R. Civ. P. 17(c)(2). As Plaintiff G.I. is a minor, the Court ordered appointment of a GAL to represent her interests, as there may be a conflict of interest between said minor Plaintiff and her next friend, Maria Narcedalia De La Rosa. Dkt. No. 13.

"In Texas, the rights and interest of a minor in a legal proceeding are safeguarded by Rule 44 and Rule 173 of the Texas Rules of Civil Procedure." *Webb v. Paccar Leasing Co.*, No. 4:09-CV-211, 2009 WL 1703207, at *1 (E.D. Tex. June 18, 2009), *recommendation adopted*, 2009 WL 1812446 (E.D. Tex. June 23, 2009). Rule 173 provides, in relevant part: "The court must appoint a guardian ad litem for a party represented by a next friend or guardian [] if . . . the next friend or guardian appears to the court to have an interest adverse to the party." Tex. R. Civ. P. 173.2(a). "Rule 44(2) provides that '[s]uch next of friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the

party plaintiff in such suit.'" *Baladez v. General Motors, LLC*, No. 1:17-CV-0194-C-BL, 2018 WL 6737978, at *2 (N.D. Tex. Dec. 18, 2018).

Under Texas Rule 44, in cases with a settlement involving a minor litigant, "even if a guardian is properly appointed and agrees to the settlement, a judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement serves the minor's best interest." *Am. Guarantee & Liab. Ins. Co. v. ACE Am. Ins. Co.*, 990 F.3d 842, 848–49 (5th Cir. 2021) (cleaned up).

In sum, "[u]nder Texas law, while a [GAL] has the authority to enter into settlement negotiations and execute settlement agreements in the best interest of a minor, 'court approval is required to compromise and settle a minor's claims.'" *Jones v. Burke*, No. SA-14-CA-328-FB (HJB), 2015 WL 13545482, at *1 (W.D. Tex. Aug. 6, 2015) (citing *St. John Stevedoring Co. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987)).

As was the case in *Jones v. Burke*, No. SA-14-CA-328-FB (HJB), 2015 WL 13545482 (W.D. Tex. Aug. 6, 2015), Federal Rule of Civil Procedure 17(c) "does not conflict with Texas law and failing to apply Texas law would result in inequitable administration of the laws." *Baladez*, 2018 WL 6737978, at *2. "Therefore, the Court should consider the Texas law as substantive and apply it as requiring a hearing and court approval of the settlement with the minor[]." *Id.*

"The Texas courts thus hold that if a settlement offer is accepted and *if* the trial court perceives an adverse interest between a parent and her child[], the trial court must appoint a [GAL] who, along with the court, has to approve the settlement in order to bind the minor[]." *Am. Guarantee & Liab. Ins. Co.*, 990 F.3d at 849. "The overarching issue when considering a

settlement involving [a] minor plaintiff[] is whether the settlement is in the best interests of the minor[] in light of the particular facts of the case." *Baladez*, 2018 WL 6737978, at *2.

The GAL must testify as to the contents and basis of her report at a "prove up hearing." *See Hickson on behalf of Estate of Hickson v. City of Carrollton*, 2020 WL 5087781, at *1–2 (N.D. Tex. Aug. 25, 2020).  She must testify that she had a reasonable time to acquaint herself with the facts and the law and that she is fully informed of the circumstances of the litigation, the needs and expectations of the minor child, the facts of liability, the disputed nature of the causes of action, and the nature and extent of the damages claimed.  *Id.*  She must consider the effects of entering into the settlement agreement and opine that the minor's interests have been properly protected and that the proposed settlement is reasonable, fair and just, and in the minor's best interests.  *Id.* If these criteria are met, she recommends that the settlement be approved.  *Id.*

"In evaluating whether an agreement is fair and reasonable, courts consider the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation." *Elkhayam v. Lufthansa German Airlines*, No. Civ.A. 304CV50K, 2005 WL 743054, at *1 (N.D. Tex. Apr. 1, 2005) (citing *Allstate Life Ins. Co. v. Philips*, 2000 WL 829357, at *2 (S.D. Ala. June 2, 2000)), *recommendation adopted*, 2005 WL 1025963 (N.D. Tex. Apr. 28, 2005).  The Court should consider whether the amount of compensation requested by the GAL appears reasonable.  *See Hickson*, 2020 WL 5087781, at *3.

### III.    Analysis

The GAL testified as to the contents and basis of her report at the "prove up" hearing held on October 18, 2023.  Minute Entry (October 18, 2023).  *See Hickson*, 2020 WL 5087781, at *1–2.  The GAL stated, as discussed in her report, that she spoke to counsel

for Plaintiffs and Defendants and interviewed the minor child and her mother.  She reported on the successful meeting with G.I. and reviewed all the pleadings and the crash report.  The GAL explained that the minor child did not suffer any physical injuries from the incident at issue in the case.  She stated that the total settlement amount to be disbursed as to G.I. is $5,000.00, that counsel had explained all necessary facts to her, and that no payments made besides the settlement would be provided.  Plaintiff's attorneys are not claiming any attorney's fees or expenses on this portion of the settlement.  *Id.*  After consulting with the minor child's mother, the GAL recommended that the total net monies to be recovered by G.I. be deposited into the Court's registry in an interest-bearing account until G.I. attains the age of majority at eighteen years old.

The GAL affirmed on the record that she has had a reasonable time to acquaint herself with the facts and the law; that she is fully informed of the circumstances of this litigation, the needs and expectations of the minor child, the facts of liability, the disputed nature of the causes of action, and the nature and extent of the damages claimed; and that the agreed settlement and allocation was reasonable, fair, and just.  Minute Entry (October 18, 2023).  The GAL recommended on the record that the settlement be approved because approval is in the minor's best interest.  *Id.*; *see Hickson*, 2020 WL 5087781, at *1–2.

Considering the facts of the case, the relative certainty of the outcome of any litigation, and the costs associated with such litigation, the Court finds that the settlement agreement is fair and reasonable.  *See Elkhayam v. Lufthansa German Airlines*, 2005 WL 743054, at *1.

The Court finds that minor Plaintiff G.I.'s interests have been properly protected and that the proposed settlement is fair, reasonable, and in her best interests.  The amount of compensation requested by the GAL, $2,835.00, appears reasonable.  The parties agreed that this amount would be paid by Defendants' attorney.

**IV.    Conclusion and Recommendation**

Based on her report and testimony, which is unopposed by the parties, and on the Court's independent review, the Court finds that the GAL is fully informed regarding the facts of liability, the disputed nature of the causes of action, the nature and extent of the damages claimed, and the effects of entering into the settlement agreement.  The Court also finds that minor Plaintiff G.I.'s interests have been properly protected and that the proposed settlement is fair, reasonable, and in her best interests.

For the above reasons, the undersigned concludes and thus **RECOMMENDS** that the Joint Motion for Approval of Minor Settlement, Dkt. No. 16, should be **GRANTED** and that the settlement as to G.I. should be **APPROVED**.

Signed this October 20, 2023, at Laredo, Texas.

Diana Song Quiroga
United States Magistrate Judge

## <u>NOTICE OF RIGHT TO OBJECT</u>

Within fourteen days of being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  The district judge to whom this case is assigned shall make *a de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.